IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 7, 2002 Session

## ROBERT LEE GOSS and CARL W. HALE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6242     Joseph H. Walker, Judge**

---

**No. W2001-02504-CCA-R3-PC  - Filed August 13, 2002**

---

The Appellants, Robert Lee Goss and Carl W. Hale, were convicted by a Lauderdale County jury of first-degree murder and aggravated assault.  They appeal as of right the judgment of the Lauderdale County Circuit Court denying their petitions for post-conviction relief.  On appeal, the Appellants argue that trial counsel were ineffective because they did not pursue a defense of insanity and/or diminished capacity.  After review of the record, we find that the Appellants received the effective assistance of counsel.  Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Michael W. Whitaker, Covington, Tennessee, for the Appellant, Robert W. Goss; William Dan Douglas, Jr., Ripley, Tennessee, for the Appellant, Carl Hale.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On May 21, 1996, the Appellants, while incarcerated in the Department of Correction,  were convicted of first-degree murder of another inmate, Willis McDonald,  and of the aggravated assault of a correctional officer.  For background purposes, the following facts are recited from this court's decision affirming the Appellants' convictions:

In the light most favorable to the state, the evidence establishes that the defendants killed McDonald deliberately and with premeditation. The proof shows that on the day of the offenses, Hale told Goss that McDonald had made threats against him and Goss. When McDonald returned from the shower wearing only a towel, Hale shut McDonald's cell door. Goss, who did not have permission to be in the pod, then ran up the stairs. Although McDonald was unarmed, the defendants stabbed him repeatedly as they struggled, and McDonald fell down the stairs. The defendants ran down the steps after McDonald, and Goss kneeled over McDonald and repeatedly stabbed him in the chest as he lay naked on the floor. As Goss was stabbing McDonald, Hale held a knife in his hand and told the officers to leave Goss alone while he was "taking care of business." Afterwards, the defendants appeared calm.

*State v. Goss*, 995 S.W.2d 617, 625-26 (Tenn. Crim. App. 1998), *perm. to appeal denied*, (Tenn. 1999).

In 1999, the Appellants filed petitions for post-conviction relief. An evidentiary hearing was held on September 13, 2001. On September 14, 2001, the post-conviction court denied the Appellants post-conviction relief, finding that the Appellants received the effective assistance of counsel. This timely appeal followed.

**ANALYSIS**

The Appellants raise one issue for our review: whether trial counsel were ineffective because of failure to pursue a defense of insanity and/or diminished capacity. To succeed in a challenge for ineffective assistance of counsel, the Appellants must establish, under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984): (1) deficient representation, and (2) prejudice resulting from the deficiency. Thus, the Appellants must prove that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Appellants must demonstrate that counsels' errors "were so serious as to deprive the [Appellants] of a fair trial, a trial whose result is reliable." *Id*. A reviewing court need not consider the two prongs of *Strickland* in any particular order. *Id*. at 697. Moreover, if the Appellants fail to establish one prong, a reviewing court need not consider the other. *Id*.

With respect to deficient performance, the Appellants must demonstrate that counsels' representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). This court "must indulge a strong presumption that [counsels'] conduct falls within the wide range of reasonable professional assistance; that is, the [Appellants] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689. We should defer to trial strategy or tactical choices if they are informed ones based upon adequate preparation. *Charles Walton Wright v. State*, No. 01C01-9105-CR-00149 (Tenn. Crim. App. at Nashville, Apr. 7, 1994), *perm. to appeal denied*, (Tenn. 1994), *cert. denied*, 513 U.S. 1163, 115 S. Ct. 1129 (1995) (citing *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982)). Additionally, this court should avoid the "distorting

effects of hindsight" and "judge the reasonableness of [counsels'] challenged conduct on the facts of the particular case, viewed as of the time of [counsels'] conduct." *Strickland*, 466 U.S. at 689-90. Moreover, we note that defendants are not entitled to perfect representation, only constitutionally adequate representation.

To establish the prejudice prong of *Strickland*, the Appellants must show that there is a reasonable probability that, but for counsels' deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* That is, the evidence stemming from failing to prepare a sound defense or present witnesses must be significant, but it does not necessarily follow that the trial would have otherwise resulted in an acquittal. *Brimmer v. State*, 29 S.W.3d 497, 508 (Tenn. Crim. App. 1998) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1178-79 (5th Cir. 1985); *Code v. Montgomery*, 799 F.2d 1481, 1483 (11th Cir. 1986)). "A reasonable probability of being found guilty of a lesser charge, or a shorter sentence, satisfies the second prong in *Strickland*." *Id.* at 509 (citing *State v. Zimmerman*, 823 S.W.2d 220, 225 (Tenn. Crim App. 1991)).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *see Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Both Appellants contend that their respective trial counsel were ineffective for not investigating or pursuing a defense of insanity and/or diminished capacity based upon information that was available and apparent to them. The Appellant Goss argues that his trial counsel with minimal investigation could have discovered from his medical records documentation of a "mental defect or frontal lobe injury which could have supported introduction of evidence on diminished capacity." Moreover, he contends that medical records from 1983 revealed that "a documented history of Neuropsychological testing showed considerable frontal lobe pathology, possibly related to his auto accident, possibly related to glue sniffing." The Appellant Hale argues that "[c]ounsel was aware that from the very beginning of her representation that the [Appellant], had very little, if any, education and could not read or write." Finally, both Appellants argue that their prior history of committing crimes of violence should have alerted trial counsel to pursue mental evaluations, which could have supported a defense of insanity and/or diminished capacity.[1]

---

[1]The record suggests that the Appellant Goss "accidentally shot his mother to death with a 12 gauge double barrel shotgun at age 13" and that he has "been kept in maximum security for seventeen years" for various crimes. The Appellant Hale has been in prison since 1978 as a result of convictions for murder and armed robbery. Since his incarceration, he has been convicted of manslaughter, second degree murder, first degree murder, and assault with intent to commit murder.

While a criminal defendant's diminished capacity does not constitute a defense capable of excusing or defeating a criminal charge, evidence of the diminished capacity is relevant to determining the defendant's *mens rea*. *State v. Grose*, 982 S.W.2d 349, 353 (Tenn. Crim. App. 1997) (citing *State v. Phipps*, 883 S.W.2d 138,148 (Tenn. Crim. App. 1994)). Under the diminished capacity rule of evidence, a defendant is required to introduce evidence, typically expert medical testimony, to establish that the defendant at the time of the crime was incapable of forming the requisite intent of the crime charged. At the post-conviction hearing, the Appellant Hale introduced no medical proof supporting his claims while the Appellant Goss introduced a medical discharge summary dating back to 1983 when he was seventeen years old.[2]

With regard to the defense of insanity, a defendant is required to prove, by clear and convincing evidence, that:

(a) [A]s a result of a severe mental disease or defect, [the defendant] was unable to appreciate the nature or wrongfulness of such defendant's acts. Mental disease or defect does not otherwise constitute a defense.

(b) As used in this section, "mental disease or defect" does not include any abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Tenn. Code Ann. § 39-11-501(a)(b) (1997).[3] Accordingly, in order for the defense of insanity to be viable, it would have been incumbent upon each Appellant to establish (1) that he had a severe mental disease or defect at the time that the acts constituting the crime were committed, and (2) that as a result of this severe mental disease or defect, he was unable to understand what he was doing or that what he was doing was wrong.[4] As observed by the language of Tennessee Code Annotated § 39-11-501(b) (1997), the Appellants' prior histories of repeated criminal conduct and antisocial behavior will not support a defense of insanity.

If an ineffective assistance of counsel claim is based upon failure to properly investigate, evidence or witnesses must be produced so that the post-conviction court can properly evaluate the claim. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Proof of deficient representation by failure to act requires more than a speculative showing of lost potential benefits. The proof presented by the Appellants fails to establish that another course of conduct by their trial

---

[2]The 1983 discharge summary indicated the Appellant was having "problems with behavior discontrol. . . . On mental status examination the patient was an alert, friendly, cooperative, Caucasian, male. . . . There was no evidence of thought derailment, hallucinations nor delusions. Cognitive functions were intact . . . ."

[3]The crimes for which the Appellants were convicted were committed on August 25, 1995. Effective July 1, 1995, Tennessee Code Annotated § 39-11-501(a) was amended by placing the burden of proving insanity upon the defendant by clear and convincing evidence.

[4]T.P.I. -- Crim. 40.16(b).

counsel had a reasonable probability of producing a different result.  Accordingly, the Appellants have not demonstrated prejudice.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellants received the effective assistance of counsel.  Accordingly, the judgment of the Circuit Court of Lauderdale County is affirmed.

_____
DAVID G. HAYES, JUDGE